

FILED
7/9/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHANIE LADONNA LUCAS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-1706 (UNA) |
| UNITED STATES, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This matter, brought *pro se*, is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* and her complaint against the United States. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff resides in St. Paul, Minnesota.  She alleges that she and her family have been victims of harassment, stalking, and abuse.  Compl. ¶ III.  Plaintiff has sued the United States for the alleged failure of unspecified agencies "to investigate, prosecute and obstruct justice" when claims are "reported to local, state and federal law enforcement." *Id*.  She seeks $80,000 in "punitive damages," as well as "victims' compensation and witness protection" for her and her family.  *Id*. ¶ IV.

Plaintiff has invoked the U.S. Constitution, *see* Compl. ¶ III, but Congress has not waived the United States' immunity from personal injury lawsuits based on constitutional violations. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994).  In addition, the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution, and, as a general rule applicable here, such decisions are not subject to judicial review.  *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion.").  Notably, the Supreme Court's "recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement."  *Heckler*, 470 U.S. at 831.  Accordingly, this case will be dismissed.  A separate Order accompanies this Memorandum Opinion.

/s/
JAMES E. BOASBERG
United States District Judge

DATE:  July 9, 2020